# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Lafayette College's Appeal.

*Trusts and trustees—Termination of trust—Contingency—Future accruing income.*

1. When trusts specified in a deed are to determine on the happening of a contingency named, they necessarily end as soon as the contingency happens.

2. What shall be done with the future accruing income on the investments of a trust thus terminated, can only properly be decreed when an account thereof is before the court.

Argued January 6, 1922. Appeal, No. 52, Jan. T., 1922, by Lafayette College, from decree of C. P. No. 4, Phila. Co., Sept. T., 1920, No. 6928, awarding balance of estate in re account of Philadelphia Trust Co., trustee, under deed of Charles O. Baird. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for distribution of trust estate held under deed. Before FINLETTER, J.

The opinion of the Supreme Court states the facts.

Decree entered awarding bonds to trustees of Lafayette College. Lafayette College appealed.

*Error assigned* was decree, quoting it.

*J. Claude Bedford,* with him *Roy Martin Boyd,* for appellant.

*Thomas Stokes,* of *Henry, Pepper, Bodine & Stokes,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, February 6, 1922:

On July 2, 1879, Charles O. Baird delivered ten $1,000 bonds to the Philadelphia Trust, Safe Deposit and Insurance Company, now the Philadelphia Trust Company, in trust to collect the income accruing thereon and pay it over to the treasurer of Lafayette College, "to be by him applied toward the payment of the current expenses of said college": "And upon this further trust that if the said Charles O. Baird shall at any time hereafter notify the said The Philadelphia Trust, Safe Deposit and Insurance Company of his intention to give to said Lafayette College other and additional moneys or property for the purpose of erecting buildings or of endowing a professorship or for any other purpose beneficial to said college, or should he so provide by his last will and testament, the said The Philadelphia Trust, Safe Deposit and Insurance Company trustee, shall assign, transfer and pay over the aforesaid estate and property to the person or persons or corporation designated by the said Charles O. Baird as the custodian or trustee of such other and additional moneys or property for the purpose of augmenting and forming with such additional moneys or property an aggregate fund to be appropriated and used for the benefit of said Lafayette College in such manner as said Charles O. Baird shall then direct."

Subsequently the settlor died and by his will he gave a portion of his estate to the college, and in regard thereto specified: "Item 16. I direct that the Trustees of the Lafayette College fund hereinafter named shall receive, take and hold the shares or parts of my estate hereinbefore directed to be assigned transferred and paid over to

them upon the trusts and for the uses, intents and purposes following to wit:

"As soon as it shall happen by reason of the directions of this my will that a sum shall be in the hands of the said Trustees which sum together with the ten bonds ......conveyed by me in trust to the Philadelphia Trust, Safe Deposit and Insurance Company of Philadelphia by deed dated July 2nd, 1879, shall aggregate an amount sufficient for the purpose, I direct that the said Trustees shall establish and endow a chair or professorship of some department of learning in Lafayette College located at Easton in the County of Northampton State of Pennsylvania to be called the Matthew Baird professorship.

"The sum so appropriated not to exceed Fifty thousand dollars, and the subject and duties of said professorship to be prescribed by the Board of Trustees of said College."

Thereafter an account was filed by the trustee under the deed, the court of common pleas was requested to determine whether or not the bonds should be transferred at once to the trustees of the college, and from the decree so ordering the college prosecutes this appeal.

We think the decree is right. It will be observed that the exact contingency has occurred upon the happening of which the deed of trust declared the transfer should be made. The settlor "by his last will and testament" has shown "his *intention* to give to said Lafayette College other and additional moneys or property for the purpose of......endowing a professorship." It follows that the bonds were properly awarded to the trustees of the college. The correct disposition of the future accruing income thereof, pending the endowment of the professorship, can only be determined by the court on the audit of an account including such income.

Decree affirmed and appeal dismissed at the cost of appellant.